# SUPREME COURT.

## [ No. 6. ]

DAVID S. MILLS agt. JOHN B. THURSBY and others, executors, &c.

Where the plaintiff offered to give his bond, with sureties, to refund whatever part of the judgment the court, on appeal, should adjudge him not entitled to; and the defendant accepted the offer; and an order was made denying defendant's motion to stay proceedings, and that he should pay the money in twenty days upon the delivery to him of the bond—which bond was immediately afterwards tendered to the defendant, but he died shortly after, without having paid the money;

*Held,* that this consent, and the order made on it, must bind the executors of the defendant, (the suit having been revived against the executors;) and no stay of proceedings on the judgment could be granted.

*New-York Special Term, January* 16, 1854.

THIS was a motion by defendants for a stay of proceedings upon the execution issued upon the judgment obtained in this action, in September, 1851, mentioned in the previous cases. The facts sufficiently appear in the opinion of the court.

N. DANE ELLINGWOOD, *for defendant.*

ALBERT MATHEWS, *for plaintiff.*

MITCHELL, Justice.    The defendants move to stay proceedings on the judgment obtained, and execution issued, against their testator; and show that they have recently executed a bond to the plaintiff, with sureties, conditioned to pay any amount that shall be finally adjudged by the court to be due, by the testator or his estate, to the plaintiff; and that, on appeal to the general term, from the judgment entered against the testator, the defendants were ready to argue the appeal, but the plaintiff was not ready.

The opposing papers show that the defendants' default was

Mills agt. Thursby and others, ex'rs, &c.

entered at the general term, and opened at the last general term; but with a condition that the cause should not be argued at that term, unless the plaintiff should be ready.

- The default being opened on this condition, the plaintiff had the right to avail himself of it, and was not in default for so doing.

The motion for a stay of proceedings has been frequently before the court. In April, 1853, on such a motion, the plaintiff offered to give his bond, with sureties, to refund whatever part of the judgment the court should adjudge him not to be entitled to; and the defendant thereupon consented that his motion should be denied, and the plaintiff's consent accepted; and an order was made accordingly, that he should pay the money in 20 days, upon the delivery to him of an undertaking to that effect, to be approved by one of the justices of the court. The undertaking was immediately afterwards tendered to the defendant, the testator; but he died shortly after, without having paid the money.

This consent, and the order made on it, must bind these defendants; and no stay of proceedings on the judgment can now be granted. This, however, is on the supposition that the plaintiff comply, or has complied, with his part of that order. The undertaking must, therefore, be submitted to the court; and, if it were not accepted by the testator in his lifetime, should be now executed to the executors, and approved by one of the judges of this court; and it may be proper to execute it in the form of a bond, instead of an undertaking.

As the plaintiff also prefers to retain the execution, the bond given on this motion by the defendants, and which was intended only to procure a stay, will be returned to the defendants to be cancelled.

On the plaintiff complying with the above requirements on his part, the stay of proceedings temporarily granted is vacated, and any further stay denied.